# UNITED STATES DISTRICT COURT
# DISTRICT OF MAINE

| | |
|---|---|
| UNITED STATES OF AMERICA )<br>)<br>and )<br>)<br>STATE OF MAINE, )<br>) Civil No. 17-_____<br>Plaintiffs, )<br>)<br>v. )<br>)<br>MILESTONE RECOVERY, INC., )<br>f/k/a MILESTONE FOUNDATION, INC., )<br>)<br>Defendant. ) | |

## COMPLAINT

Plaintiffs United States of America ("United States") and State of Maine ("Maine") (herein collectively as "Plaintiffs") bring this action against Defendant Milestone Recovery, Inc., f/k/a Milestone Foundation, Inc. (hereinafter, "Milestone") to recover monies that Milestone wrongfully obtained from the MaineCare program in violation of the federal False Claims Act, 31 U.S.C. §§ 3729-3733 and the Maine False Claims Act, 22 M.R.S. §15. For their cause of action, Plaintiffs allege as follows:

## NATURE OF ACTION

1.  Plaintiffs bring this action to recover statutory damages and civil penalties under the federal False Claims Act, 31 U.S.C. §§ 3729-3733 and the Maine False Claims Act, 22 M.R.S. §15 (collectively referred to hereinafter as the "FCA").

2.  This action arises from Milestone's submission of claims to the MaineCare Program which resulted in Milestone using a portion of the reimbursement from these claims to

pay for the salary and benefits of an employee who was excluded from participation in the Medicare, Medicaid, and all other Federal health care programs in violation of the FCA.

## JURISDICTION and VENUE

3. This Court has subject matter jurisdiction to entertain this False Claims Act action under 28 U.S.C. §§ 1331 and 1345. The Court possesses supplemental jurisdiction to entertain the Maine state law claim pursuant to 28 U.S.C. § 1367(a).

4. At all times relevant hereto, Milestone was a nonprofit organization providing housing and treatment to individuals suffering from substance abuse and behavioral health disorders in Portland and Old Orchard Beach, Maine.

5. This Court has personal jurisdiction over Milestone pursuant to 31 U.S.C. § 3732(a), because Milestone is located in, and/or transacts and has transacted business in this District, and Milestone committed acts within this District that violated 31 U.S.C. § 3729.

6. Venue is proper in the District of Maine under 31 U.S.C. § 3732 and 28 U.S.C. § 1391(b) and (c) because Milestone is located in, and/or transacts business in this District, and because Milestone committed acts within this District that violated 31 U.S.C. § 3729.

## BACKGROUND

### The MaineCare Program

7. Under Title XIX of the Social Security Act, 42 U.S.C. §§ 1396 et seq., the United States shares with the fifty States the cost of medical services provided to indigent families with dependent children, and to aged, blind, and disabled individuals whose income and resources are insufficient to meet the cost of medical services.

8. Medicaid is a federally assisted grant program for the states. Medicaid enables the states to provide medical assistance and related services to needy individuals. The Centers

for Medicare & Medicaid services ("CMS") is the component of the Department of Health and Human Services ("HHS") which administers Medicaid on the federal level.  Within broad federal rules, however, each state decides who is eligible for Medicaid, the services covered, payment levels for services, and each state is responsible for creating policies and procedures regarding the administration of the program.  The state directly pays providers, with the state obtaining the federal share of the payment from accounts which draw on funds of the United States Treasury.  The Federal share of each state's Medicaid program varies state by state.  In Maine, the Federal share is approximately two-thirds; the state share is one-third.  In Maine, the state's Medicaid program is called "MaineCare."

9. At all times relevant hereto, the United States provided funds to MaineCare through the Medicaid program pursuant to Title XIX of the Social Security Act, 42 U.S.C. § 1396 et seq.  Enrolled providers of medical services to MaineCare recipients are eligible for reimbursement for covered services under the provisions of Title XIX of the 1965 Amendments to the Federal Social Security Act.  By becoming a participating provider in MaineCare, enrolled providers agree to abide by the rules, regulations, policies and procedures governing reimbursement, and to keep and allow access to records and information as required by MaineCare.  In order to receive MaineCare funds, enrolled providers are required to abide by all of the provisions of the Social Security Act, the regulations promulgated under the Act, and applicable rules, policies and procedures established by MaineCare.

10. The MaineCare rules governing covered services, and the submission of claims and reimbursement for those services, are contained in the MaineCare Benefits Manual.  The MaineCare Benefits Manual also sets forth the requirements of provider participation.  One of those requirements is that the provider "[a]bide by the provisions of 42 CFR 1000, *et seq.*,

pertaining to the exclusions of individuals and entities from participation in Medicare or MaineCare and ensure that excluded individuals or entities are not employed or utilized to provide services, receive payments, or submit claims, to the MaineCare program." The MaineCare Benefits Manual further directs participating providers to check the exclusion databases maintained by the U.S. Health and Human Services Office of Inspector General ("HHS-OIG") and the State of Maine's Division of Audit, Program Integrity Unit to obtain information regarding excluded providers.

11.     Providers enrolled in the MaineCare Program agree to submit claims for only medically and reasonably necessary services that are covered under the program, for services actually provided, and to seek compensation only to which the provider is legally entitled. Providers also agree not to employ any individual who is excluded from participation in MaineCare and/or any Federal health care program.

12.     The state of Maine's Department of Health and Human Services, Program Integrity Unit, Division of Audit ("Program Integrity Unit") monitors the MaineCare Program for fraud, waste and abuse.

13.     At all times relevant hereto, Milestone was a participating MaineCare provider and submitted claims for reimbursement to the MaineCare Program.

## MILESTONE'S EMPLOYMENT OF AN EXCLUDED INDIVIDUAL

14.     On June 20, 2015, Milestone employed a woman by the name of Kate Perkins ("Perkins") to work as a per diem nurse at Milestone. At the time, Perkins had been excluded by the State of Maine from participation in the MaineCare program, and by HHS-OIG from participation in all Federal health care programs, after voluntarily surrendering her nursing license pursuant to a December 2010 Consent Agreement with the State of Maine's Board of

Nursing.  The Consent Agreement was predicated upon Perkins' termination from Maine Medical Center ("MMC") for diverting Fentanyl and Oxycodone while she was employed as a nurse at MMC.

15. When Perkins applied for a position at Milestone, she disclosed the fact that she had previously surrendered her license "for substance abuse following diversion at Maine Med" on her employment application.  Although Milestone had a policy in place for checking prospective employees against the OIG and MaineCare exclusion lists, it failed to do so in Perkins' case, notwithstanding the fact that she had disclosed the above information on her employment application.

16. Prior to employing Perkins, and during the period when it employed Perkins, Milestone failed to check the publicly available exclusion databases maintained by HHS-OIG and MaineCare's Program Integrity Unit, which would have revealed that Perkins was an excluded individual.

17. In July 2016, the Program Integrity Unit sent Milestone a notice informing them about Perkins' prior exclusion.  Milestone terminated Perkins' employment shortly thereafter, on July 29, 2016.

18. Between June 20, 2015, and July 29, 2016, Milestone submitted claims to MaineCare for services rendered to MaineCare members, and received payments from MaineCare for those services.  A portion of those payments was used to pay Perkins' salary and benefits, in violation of the FCA.

19. State and Federal health care programs may not pay, directly or indirectly, for items or services furnished, ordered, or prescribed by excluded individuals or entities.

20. Under the FCA, it is unlawful to "knowingly" present or cause to be presented a "false or fraudulent claim for payment or approval." 31 U.S.C. § 3729(a)(1). The term "knowingly" is specifically defined in the statute to include acting with "reckless disregard of the truth or falsity" of information material to a claim. 31 U.S.C. § 3729(b)(1)(A)(iii). The FCA does not require proof of specific intent to defraud. 31 U.S.C § 3729(b)(1)(B).

21. By failing to read and abide by the requirements of the MaineCare program regarding the employment of excluded individuals, Milestone acted with reckless disregard of the of the falsity of the claims it submitted to MaineCare between June 20, 2015, and July 29, 2016.

## CLAIMS

### FIRST CAUSE OF ACTION (FEDERAL)
(False Claims Act: Presentment of False or Fraudulent Claims)
(31 U.S.C. § 3729(a)(1)(A))

22. The United States re-alleges and incorporates by reference paragraphs 1 through 25 as though fully set forth herein.

23. By submitting claims to the MaineCare program for payment for services not performed or provided in accordance with MaineCare program requirements, Milestone knowingly presented false or fraudulent claims for payment, or knowingly caused false or fraudulent claims for payment to be presented, to MaineCare, in violation of 31 U.S.C. § 3729(a)(1).

24. By virtue of the false or fraudulent claims made or caused to be made by Milestone, the United States suffered damages and is therefore entitled to statutory damages under the False Claims Act to be determined at trial, plus a civil penalty for each violation.

## SECOND CAUSE OF ACTION (STATE)
(Maine False Claims Act: Presentment of False or Fraudulent Claims)
(22 M.R.S. § 15)

25. Plaintiff State of Maine realleges and incorporates by reference paragraphs 1 through 28 as though fully set forth herein.

26. MaineCare is funded by both federal and state sources and is administered by the State of Maine Department of Health and Human Services, and therefore the claims submitted by Milestone as described herein were made "upon or against the department or upon any funds administered by the department" as that phrase is used in 22 M.R.S. § 15.

27. By presenting or causing to be presented claims for services not performed or not provided in accordance with MaineCare requirements to the Maine Department of Health and Human Services for payment by the MaineCare program, knowing such claims to be materially false, fictitious or fraudulent, Milestone violated 22 M.R.S. § 15.

28. Plaintiff State of Maine was damaged as a result of the false, fictitious and/or fraudulent claims presented or caused to be presented by Milestone, and is therefore entitled to statutory damages under 22 M.R.S. § 15 to be determined at trial, plus a civil penalty for each violation.

## **PRAYER FOR RELIEF**

WHEREFORE, the United States and State of Maine request that judgment be entered in their favor and against MILESTONE in the amount of $4,519.04 on the First and Second Causes of Action, together with such further relief as may be just and proper.

Dated:  November 30, 2017

Respectfully submitted,

HALSEY B. FRANK
UNITED STATES ATTORNEY

/s/ Sheila W. Sawyer
Assistant United States Attorney
U.S. Attorney's Office
100 Middle Street Plaza, East Tower
Portland, ME  04101
(207) 780-3257


The State of Maine


/s/ John P. Burke
John P. Burke, AAG
Office of the Attorney General
Healthcare Crimes Unit
6 State House Station
Augusta, ME  04333-0006
Maine Bar No. 8425
(207) 626-8896
(207) 287-3120 fax